Benjamin J. Naylor #023968
Alison Pulaski Carter #025699
**BURNSBARTON LLP**
45 West Jefferson, 11th Floor
Phoenix, AZ 85003
Phone: (602) 753-4500
ben@burnsbarton.com
alison@burnsbarton.com
*Attorneys for Defendant*

LAW OFFICES
**MANOLIO & FIRESTONE, PLC**
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
(480) 222-9100
vmanolio@mf-firm.com
Veronica L. Manolio, SBN 020230
*Attorneys for Plaintiff*

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Quihuis-Bell, a married man,<br><br>Plaintiff,<br><br>vs.<br><br>GoDaddy.com, L.L.C., a foreign limited liability company,<br><br>Defendant. | NO. 2:16-cv-03378-JZB<br><br>**JOINT MOTION AND STIPULATION FOR FILING SETTLEMENT AGREEMENT UNDER SEAL OR ALTERNATIVELY FOR KEEPING THE FINANCIAL PORTION OF THE SETTLEMENT CONFIDENTIAL** |

Defendant, GoDaddy.com, LLC ("Defendant" or "GoDaddy") and Plaintiff, Jeffrey Quihuis-Bell ("Plaintiff" or "Quihuis-Bell") (collectively, the "Parties) stipulate and jointly move this Court to enter an Order granting leave to file under seal their Joint Motion for Approval of the Settlement Agreement and Settlement Agreement (the "Settlement Documents"). Filing the Settlement Documents in this matter under seal will advance the Parties' settlement, preserve judicial resources, and promote efficient

administration of the proposed Settlement Agreement, as further discussed below. For these reasons, the Parties respectfully request that the Court grant it leave to file the Settlement Documents in this matter under seal.

In the alternative and in the event this Court does not grant the Parties' request to file the Settlement Documents under seal, the Parties request relief in the following forms: (1) sealing the portion of the Settlement Documents, specifically only Exhibit A, that includes reference to the settlement amounts paid to Plaintiff and his attorney or (2) allowing the parties to inform the Court orally of the settlement amounts to be paid. This relief would satisfy the Parties' interest in keeping the financial portion of this settlement as confidential as possible (as evidenced by the language in said Settlement Documents) while still keeping all other terms and conditions of the settlement part of the regular court file.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.      BACKGROUND**

This matter concerns a claim by Plaintiff that he is entitled to unpaid overtime wages under the Fair Labor Standards Act ("FLSA"), as well as damages resulting from Defendant's alleged breach of the covenant of good faith and fair dealing (the "Federal Lawsuit"). Defendant denies any liability toward Plaintiff. The Parties are also involved in simultaneous litigation in the Maricopa County Superior Court ("State Lawsuit"). In the State Lawsuit, GoDaddy has brought suit against Quihuis-Bell, his wife, Celena Quihuis-Bell, and Ridgeline Digital Media ("Ridgeline") (collectively, the "State Court Defendants") alleging breach of contract based on an alleged breach of a non-competition agreement and the misappropriation of confidential or proprietary information from GoDaddy (against Mr. and Mrs. Quihuis-Bell) and tortious interference with contract (against Ridgeline) (the "State Lawsuit"). State Court Defendants deny any liability toward GoDaddy.

The parties, through their counsel and designated representative, reached a global

compromise to resolve this action and the State Lawsuit, including attorney's fees for Plaintiff's counsel, pursuant to the terms set forth in the Settlement Documents. The Parties hereby jointly move the Court for leave to file the Settlement Documents under seal. A copy of the Settlement Agreement and its exhibit is being lodged as proposed under seal documents in conjunction herewith, as is the joint motion for approval of the Settlement Agreement. The Settlement Agreement provides for a specific settlement amount to be paid to Plaintiff and an amount to be paid to Plaintiff's counsel. The parties agree that the Settlement Documents represent a fair and equitable resolution and reasonable compromise. The Settlement Documents also include a release of wage-related claims and a confidentiality provision. Because the Settlement Documents, by their own terms, require the parties to keep the terms of the Settlement Agreement confidential, the parties are seeking leave of the Court, via this Motion, to file the Settlement Agreement under seal.

## II. ANALYSIS

### A. The Court Has Discretion to Grant Leave to File Settlement Documents Under Seal

This Court has discretion to allow the Parties to file their Settlement Documents under seal if they can show "compelling reasons" for making the request. *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1179 (9th Cir. 2006). If the parties provide the Court with such reasons, the information can be kept private. *See Mesa Bank v. Cincinnati Ins. Co.*, 2009 WL 247908, *1-2 (D. Ariz. Feb. 3, 2009) (allowing documents to be filed under seal under the compelling reasons standard). When deciding to seal certain judicial records, the Court must "base its decision on a compelling reason and articulate the factual basis for its ruling, without relying on hypothesis or conjecture." *Kamakana*, 447 F.2d at 1179 (citing *Hagestad v. Tragesser*, 49 F.3d 1430, 1434 (9th Cir. 1995)).

When a proper basis is provided, courts have repeatedly exercised their discretion to seal settlement documents in FLSA actions *Swarthout v. Ryla Teleservices, Inc.* 2012

WL 5361756 at *3 (N.D. Ind. Oct. 30. 2012); *Allen v. Payday Loan Store of Indiana, Inc.* 2015 WL 11121539 at *1 (N.D. Ind. Apr. 9, 2015); *see also Campbell v. Exthex Corp.*, 464 F.Supp.2d 559, 561 (W.D. Va. 2006) (granting leave to file settlement documents in non-FLSA case under seal where the settlement documents "contain[ed] little information that would be of benefit to the public generally"); *In re Franklin Nat'l Bank Securities Ltg.*, 92 F.R.D. 468 (E.D.N.Y. 1981) (refusing access to sealed settlement agreements in non-FLSA action to maintain sought secrecy and avoid costly trial to both litigants).

**B. Filing the Settlement Documents Under Seal Will Advance the Settlement, Preserve Judicial Resources, Protect the Parties, and Allow Proper Administration of the Lawsuit.**

This Court should exercise its discretion and grant leave to file the Settlement Documents in this case under seal because the Parties can demonstrate several compelling reasons for sealing.

First, filing the Settlement Documents under seal is necessary to advance the Parties' settlement. Limited disclosure of the settlement terms and amounts to the Plaintiff will avoid protracted litigation and minimize the risk of duplicative lawsuits which may circumvent the settlement process. The Settlement Agreement was negotiated on the basis of the Plaintiff's FLSA claim and breach of covenant of good faith and fair dealing claim, as well as the allegations and claims in the State Lawsuit. Having had the opportunity to evaluate the merits of the Parties' respective claims and defenses in the Federal Lawsuit and the State Lawsuit and the cost of litigation, the Parties negotiated a settlement that applies uniquely to this Plaintiff. Indeed, the financial terms of the settlement are substantially higher than Defendant paid in other similar FLSA cases due to its evaluation of the claims and allegations specific to this Plaintiff including without limitation Plaintiff's FLSA and other claims and the costs and challenges raised by litigating the State Lawsuit. No one else requires information pertaining to the allegations related to the Federal and State lawsuits and information in the Settlement Documents. Specifically, Defendant would have to explain to individuals not involved in this lawsuit

the differences between them and this Plaintiff and potentially litigate anew issues presented in this case, thereby undermining the finality of the compromise reached between the Parties for a global settlement of the Federal and State Lawsuits.

Second, there is no benefit to the public that could be gained by publicly releasing the terms of this settlement. The Parties are satisfied that this settlement is fair and reasonable, as the Court can see from the review of the information of the Settlement Documents, and wish to keep the terms confidential. Although this matter involved FLSA claims, it also included a claim for breach of the covenant of good faith and fair dealing and a simultaneous State Lawsuit litigating an alleged breach of a non-compete agreement by Quihuis-Bell. Under these circumstances (particularly the impact the non-FLSA claims and State Lawsuit had on the Parties' settlement terms), there is a compelling reason to keep the Settlement Documents confidential as the settlement of the FLSA claims cannot be separated out from the settlement of the other claim in the Federal Lawsuit and the State Lawsuit claims and the presumption of public access does not apply to those other claims. Importantly, all other cases documents are public and suffice to satisfy the public's potential need for information regarding the matter. As a result, the concerns for the public's interest in this litigation are virtually non-existent in this case.

This case must be viewed, therefore, on a different standard than that used in the *Kamakana* case, because no one outside the litigation is seeking to have access to the settlement documents, and all parties have stipulated to having all the documents sealed. Therefore, as this Court ruled in *Madsen v. Fortis Benefits Ins. Co*, 2006 WL 1981785 at *2 (D. Ariz. July 13, 2006), when it allowed documents to be filed under seal, this Court has no duty or reason to make the documents available to the public when the standard for sealing has been met.

Fourth, confidentiality is a material term of the Settlement Agreement. While it is typical of the a defendant in litigation settlements to seek confidentiality here, due in part to the claims and allegations contained in the State Lawsuit against Quihuis-Bell, his wife,

Celena Quihuis-Bell, and his company, Ridgeline Digital Medial, the parties affirmatively sought mutual confidentiality to protect their respective privacy in the global settlement of the Federal and State Lawsuit. The Parties believe that this is a matter properly held in confidence.

Finally, filing the Settlements Documents under seal will not impair the Court's administration of the settlement.  The Court will retain jurisdiction over this matter to enforce the terms of the Settlement Agreement.

In sum, filing the Settlement Documents under seal will advance the terms of the Parties' settlement, protect the parties' interest without limiting any of the right others who may have interest in the Federal and State Lawsuits, and promote judicial economy in this action.  This is not a case which involves information of significant interest to the public.

### C. Alternatively, Parties Requests the Court Seal Only the Financial Portion of the Settlement and/or Allow the Parties to Inform the Court of the Financial Portion of the Settlement in a Hearing and Not to Include the Information in the Settlement Documents.

Because Parties recognize the "compelling reasons" standard for filing the Settlement Documents under seal is high, and although they believe they have met that standard, they request alternative relief from this Court should the Court be inclined to deny the request.  As a means of minimizing the risk and concerns associated with making the financial aspects of any settlement public knowledge, yet recognizing this Court's responsibilities to the public and duties under the FLSA, the Parties request the Court consider granting the following relief short of a full denial of submitting the entire settlement under seal.

The Parties request that the Court allow only Exhibit A to be filed under seal. Exhibit A contains the financial breakdown of the settlement including the amounts being paid to Plaintiff and to Plaintiff's counsel.  Because of the sensitive nature of this information and the potential for misuse, this alternative request would limits it to that portion of the Settlement Documents alone.  By sealing only that information, all other

information regarding the terms and conditions of the settlement would remain public record.  This type of relief has been granted when the parties request the sealing of only those documents that are necessary and private.  *See e.g. Mesa Bank,* 2009 WL 247908 *1-2 (the Court sealed only Exhibits 1-9 of the Affidavit of Elizabeth S. Carley attached to a motion for summary judgment); *Glaster v. ELCO Landmark Residential Mgmt., LLC*, 2015 WL 1530637 at * 1 (N.D. Ala. April 6. 2015).

As an alternative to sealing Exhibit A, the Parties would request that the Court schedule a hearing at which time the Parties can verbally inform the Court of the financial breakdown of the settlement in order to allow the Court to be satisfied with the reasonableness of the settlement and the financial terms of the parties' agreement. Defendant believes this relief would allow this Court to consider the information in making its decision whether the settlement amounts are a reasonable compromise to the issues, protect the parties' sensitive financial information and allow the interests of the public to be protected.  The information would only appear in a transcript as opposed to being part of the docket records and would be available to the public, yet not appear in casual searches of the Court's electronic docket, whether triggered by the use of a threshold settlement amount, Defendant's name, against allowing those members of the public with a specific interest to be informed without an unnecessarily broad dissemination of this financial information.  The Court possesses the discretionary power to provide this alternative relief.  *See Griffis v. Pinal County*, 215 Ariz. 1, 6, (Ariz. 2007) (finding that a court can fashion alternative relief by considering "whether privacy, confidentiality, or the best interest of the [party] outweigh the policy in favor of disclosure.")  Here for the compelling reasons discussed above, this Court should allow the parties to keep the financial breakdown of the settlement amounts as private as possible.

### III.   CONCLUSION

For these reasons, the Parties respectfully request that the Court enter an order

granting leave to file the Settlement Documents under seal.  In the alternative, the Parties request that the Court grant other relief as set forth above.

DATED this 23rdth day of June, 2017.

| **MANOLIO & FIRESTONE, PLC** | **BURNSBARTON, LLP** |
|---|---|
| By:  */s/ Veronica L. Manolio*<br>Veronica L. Manolio<br>8686 E. San Alberto Dr., Suite 200<br>Scottsdale, Arizona 85258<br>*Attorneys for Plaintiff* | By:  */s/ Benjamin J. Naylor*<br>Benjamin J. Naylor<br>Alison Pulaski Carter<br>45 West Jefferson, 11th Floor<br>Phoenix, Arizona 85003<br>*Attorneys for Defendant* |

CERTIFICATE OF SERVICE

I hereby certify that on July 23, 2017, I electronically transmitted the foregoing document to the Clerk's Office using the CM/ECF System for filing and transmittal of a Notice of Electronic Filing to the following CM/ECF registrants:

Veronica L. Manolio
MANOLIO & FIRESTONE, PLC
8686 E. San Alberto Dr., Suite 200
Scottsdale, Arizona 85258
*Attorney for Plaintiff*


s/ *Melinda Palmer*