IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Jeffrey Quihuis-Bell,<br><br>          Plaintiff,<br><br>v.<br><br>GoDaddy.com LLC,<br><br>          Defendant. | No. CV-16-03378-PHX-JZB<br><br>**ORDER** |

Pending before the Court is the parties' Joint Motion and Stipulation for Filing Settlement Agreement Under Seal or Alternatively for Keeping the Financial Portion of the Settlement Confidential. (Doc. 43.) The Court will grant the Motion in part and allow the parties to file the Settlement Agreement, Exhibit A, under seal.

Although generally, the sealing of settlement documents is not favored, the Court finds that the specific facts shown by the parties' in their Joint Motion meets the standard for filing under seal as those facts outweigh the general history of access and the public policy favoring disclosure. *See Kamakana v. City & Cnty. of Honolulu*, 447 F.3d 1172, 1178 (9th Cir. 2006). The Joint Motion provides compelling reasons for filing under seal the parties' Settlement Agreement. Thus, the Court will grant the parties' request to file Agreement under seal. The Court does not find, however, compelling reasons for filing under seal the Motion to Approve and other attached Exhibits. The Motion does not detail the specific terms of the parties' settlement, and the same compelling reasons for

filing the settlement documents under seal—advancing the settlement, preserving judicial resources, protecting the parties, and allowing proper administration of the Lawsuit—do not apply to the Motion to Approve. Therefore, the Court will deny the request to file the Motion and Exhibits in their current form Lodged at Doc. 44 under seal. The parties are given leave to file a motion to approve, not under seal, and the Exhibits currently lodged at Doc. 44, under seal.[1]

Accordingly,

**IT IS ORDERED** that the Joint Motion and Stipulation for Filing Settlement Agreement Under Seal (Doc. 43) is granted in part and denied in part.

**IT IS FURTHER ORDERED** that on or before **August 18, 2017**, the parties shall file their Motion for Court Approval, unsealed, and the Exhibits to the Motion, under seal.

Dated this 4th day of August, 2017.

Honorable John Z. Boyle
United States Magistrate Judge

---

[1] The Court notes that the parties allege in their Motion to Seal that "the Court will retain jurisdiction over this matter to enforce the terms of the Settlement Agreement." (Doc. 43 at 6.) But the parties appear to seek dismissal of this matter with prejudice, which would likely divest the Court of jurisdiction to entertain any motions to enforce the settlement agreement. *See Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016) ("The Supreme Court has held that a district court that dismisses a case under this rule may 'embody the settlement contract in its dismissal order . . . *if the parties agree.*'" (emphasis in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).