**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Jeffrey Quihuis-Bell,

Plaintiff,

v.

GoDaddy.com LLC,

Defendant.

No. CV-16-03378-PHX-JZB

**ORDER**

Pending before the Court is the parties' Joint Motion to Approve Settlement Agreement and Stipulation of Dismissal. (Doc. 46.)

**I. Background.**

Plaintiff is a former GoDaddy employee who held the positions of Account Manager, Content Writer and Lead Content Writer during the three years preceding the filing of this lawsuit. (*Id.* at 2.) On October 4, 2016, Plaintiff initiated this action by filing his Complaint alleging that GoDaddy violated the Fair Labor Standards Act, 29 U.S.C. § 201, et seq. ("FLSA") by failing to pay him overtime wages for hours worked in excess of forty per workweek. (Doc. 1.) Plaintiff further alleges that GoDaddy "violated its implied duty to act in good faith and fair dealing" by classifying his Account Manager, Content Writer, and Lead Content Writer positions as exempt from the FLSA's overtime pay requirements. (*See* Doc. 46 at 2; Doc. 1.)

GoDaddy is an internet domain name registrar based in Scottsdale, Arizona. (Doc. 46 at 3.) GoDaddy disputes Plaintiff's allegations, and contends that the classification of

each position "was the result of a thorough and well-documented investigation of the job duties involved, and a careful legal analysis to ensure compliance with the FLSA." (*Id.*) Further, GoDaddy alleges that it did not breach an implied covenant of good faith and fair dealing by leveling Plaintiff to a Manager position because that leveling was not a promotion and did not come with a compensatory pay raise. (*Id.*)

After investigating Plaintiff's claims in this lawsuit, GoDaddy discovered Plaintiff had started his own company – Ridgeline Digital Media, LLC ("Ridgeline"). (*Id.* at 4.) GoDaddy believes that Plaintiff is using Ridgeline to unlawfully compete against GoDaddy in violation of his Employee Non-Compete Agreement, which Plaintiff and GoDaddy executed on November 6, 2012. (*Id.*) GoDaddy also believes Plaintiff further violated his non-compete agreement by misappropriating confidential and proprietary information and documents from GoDaddy. (*Id.*) Plaintiff denies he has breached the non-compete agreement, or misappropriated any confidential or proprietary information from GoDaddy. (*Id.*)

On March 31, 2017, GoDaddy filed a lawsuit in Maricopa County Superior Court alleging breach of contract and tortious interference with a contract against Plaintiff and Ridgeline. (*Id.* at 5.) On June 9, 2017, the parties participated in a settlement conference before Magistrate Judge Duncan, during which they reached a compromise for both the federal and state cases. (*Id.*) On June 23, 2017, the parties filed a Joint Motion to Approve Settlement Agreement under seal. (Docs. 43, 44.) On August 15, 2017, the Court granted the motion in part and denied the motion in part, holding that the parties must file the Joint Motion to Approve unsealed, and the Exhibits to the motion (including the settlement agreement) sealed. (Doc. 45.)

The parties have resubmitted their Joint Motion to Approve the Settlement Agreement in compliance with the Court's Order. (Doc. 46.) The Court will grant the Motion.

## II. Motion to Approve Settlement and Dismiss Claims.

The FLSA provides that an employee shall receive overtime wages "at a rate not

less than one and one-half times the regular rate at which [she] is employed." 29 U.S.C. § 207(a)(1). The FLSA further provides that any employer who violates the overtime wage provision shall be liable to the affected employee in the amount of unpaid overtime wages and an additional equal amount as liquidated damages. 29 U.S.C. § 216(b).

"FLSA claims may be compromised after the court reviews and approves a settlement in a private action for back wages under 29 U.S.C. § 216(b)." *In re Sepracor Inc. Fair Labor Standards Act (FLSA) Litig.*, 2009 WL 3253947, at *2 (D. Ariz. Oct. 8, 2009) (quoting *Prater v. Commerce Equities Mgmt. Co.*, 2008 WL 5140045, at *2 (S.D. Tex. Dec. 8, 2008) (citing *Lynn's Food Stores, Inc. v. U.S. Dep't of Labor*, 679 F.2d 1350, 1353 (11th Cir.1982)). The court "may approve a settlement if it reflects a 'reasonable compromise over issues.'" *Hand v. Dionex Corp.*, No. CV 06-1318-PHX-JAT, 2007 WL 3383601, at *1 (D.Ariz. Nov.13, 2007) (quoting *Lynn's*, 679 F.2d at 1354).

The Court has reviewed the proposed settlement agreement (doc. 47) and finds that it reflects a fair and reasonable resolution of issues. Defendant has strongly contested liability under the FLSA. There are genuine disputes as to classification, willfulness, and the proper state. The settlement payments directly relate to each Plaintiff's length of employment and hourly wage. The settlement agreement does not appear to be a product of collusion between the parties, nor does it appear to be the result of fraud or overreaching on the part of Defendant. The Court concludes that the proposed settlement should be approved "as a fair and reasonable compromise of a bona fide dispute under the FLSA ." *Prater*, 2008 WL 5140045, at *2; *see Hand*, 2007 WL 3383601, at *1.

**IT IS ORDERED:**

1. The parties' Joint Motion to Approve the Settlement Agreement (Doc. 46) is **granted**.

2. The parties' settlement is **approved**, based on the terms set forth in the parties' Settlement Agreement and Release of Claims and Exhibits (doc. 47).

3. The Clerk is directed to terminate this case with prejudice.

4. To the extent permissible, the Court shall retain jurisdiction of this matter solely for purposes of enforcing the terms of the Settlement Agreement.[1]

Dated this 18th day of September, 2017.

Honorable John Z. Boyle
United States Magistrate Judge

[1] The Court notes that the parties seek dismissal of this matter with prejudice, which would likely divest the Court of jurisdiction to entertain any motions to enforce the settlement agreement. *See Kelly v. Wengler*, 822 F.3d 1085, 1095 (9th Cir. 2016) ("The Supreme Court has held that a district court that dismisses a case under this rule may 'embody the settlement contract in its dismissal order . . . *if the parties agree*.'") (emphasis in original) (quoting *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 381 (1994)).